1
2
3
4
5
6
7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM LUSK, III,                    No.  2:15-cv-2238-EFB P (TEMP)

12              Plaintiff,

13        v.                               ORDER

14   DETECTIVE SILVA et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C.

18   § 1983.[1]  Although he has paid the filing fee, his complaint must be screened.

19                        **SCREENING REQUIREMENT**

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief."  *Id.* § 1915A(b).

26   /////

27   _____

28   [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
    § 636(b)(1).

1

1      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

2 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

3 plain statement of the claim showing that the pleader is entitled to relief, in order to give the

4 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

5 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

6 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

7 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

8 U.S. 662, 679 (2009).

9      To avoid dismissal for failure to state a claim a complaint must contain more than "naked

10 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

11 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

12 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

13 678.

14      Furthermore, a claim upon which the court can grant relief must have facial plausibility.

15 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

16 content that allows the court to draw the reasonable inference that the defendant is liable for the

17 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

18 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

19 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

20 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21 **PLAINTIFF'S COMPLAINT**

22      In his complaint, plaintiff alleges that defendant Detective Silva openly admits in a report

23 that he violated plaintiff's rights under the Fourth Amendment.  Specifically, plaintiff alleges that

24 Detective Silva wrote that plaintiff had four cellular telephones on his person, and he took them to

25 preserve evidence.  Detective Silva opened one of the phones and saw a text message about guns.

26 According to plaintiff, Detective Silva violated proper procedure when he read the text message

27 and obtained a search warrant based on the message.  Plaintiff claims that the information

28 Detective Silva obtained constitutes "fruit of the poisonous tree."  In terms of relief in this civil

1    rights action, plaintiff requests $1,250,000.00 in compensatory damages and punitive damages,

2    Compl. at 4-5.

3                                          **DISCUSSION**

4          While plaintiff complaint suggests an attempt to assert a Fourth Amendment claim under

5    42 U.S.C. § 1983, his allegations are so vague and conclusory that the court is unable to

6    determine whether the current action is frivolous or fails to state a claim for relief.  The complaint

7    does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the

8    Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants

9    and must allege facts that support the elements of the claim plainly and succinctly.  *Jones v.*

10   *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

11   some degree of particularity overt acts which defendants engaged in that support his claims.  *Id.*

12   Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

13   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

14         If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how

15   the conditions complained of resulted in a deprivation of his federal constitutional or statutory

16   rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in

17   specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

18   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

19   connection between a defendant's actions and the claimed deprivation.  *Rizzo*, 423 U.S. 362; *May*

20   *v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.  Vague and conclusory

21   allegations of official participation in civil rights violations are not sufficient.  *Ivey*, 673 F.2d at

22   268.

23         In any amended complaint plaintiff elects to file, he will need to clarify whether the

24   alleged illegal search and seizure he complains of resulted in a conviction or sentence.  It is well

25   established that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter

26   the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

27   conduct leading to conviction or internal prison proceedings) - if success in that action would

28   necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544

                                              3

1  U.S. 74, 81-82 (2005) (emphasis in original); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)

2  (finding a § 1983 action for damages that was based on "actions whose unlawfulness would

3  render a conviction or sentence invalid" when the conviction or sentence has not yet been

4  reversed, expunged, or otherwise invalidated to be barred).  *See also Edwards v. Balisok*, 520

5  U.S. 641, 648 (1997) (dismissing a § 1983 action for declaratory relief and monetary damages

6  because a successful challenge to procedures used in disciplinary hearing would necessarily

7  imply the invalidity of the punishment imposed).

8        The U.S. Court of Appeals for the Ninth Circuit has made clear that this bar applies to

9  claims brought under the Fourth Amendment.  *See Szajer v. City of Los Angeles*, 632 F.3d 607,

10  611-12 (9th Cir. 2011) (*Heck* applies to Fourth Amendment claims) (citing *Whitaker v. Garcetti*,

11  486 F.3d 572, 583-84 (9th Cir. 2007) (section 1983 challenge to "search and seizure of the

12  evidence upon which [defendants'] criminal charges and convictions were based barred by *Heck*);

13  *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) ("a § 1983 action alleging illegal search

14  and seizure of evidence upon which criminal charges are based does not accrue until the criminal

15  charges have been dismissed or the conviction has been overturned.  Such a holding will avoid

16  the potential for inconsistent determinations on the legality of a search and seizure in the civil and

17  criminal cases . . . ."), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393-

18  94 (2007).  *See also Backus v. Gissel*, 491 F. App'x 838, 839 (9th Cir. 2012) (citing *Szajer* for the

19  proposition "a claim alleging an illegal search and seizure of evidence that was used to secure a

20  conviction necessarily implies the invalidity of that conviction"); *Kassab v. San Diego Police*

21  *Dept.*, 441 F. App'x 476, 477 (9th Cir. 2011) (same).  In this case, plaintiff's Fourth Amendment

22  claim appears barred, but in an abundance of caution, the court will grant plaintiff leave to amend

23  in the event that he can assert a cognizable claim against Detective Silva.

24        Plaintiff is informed that the court cannot refer to a prior pleading in order to make

25  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

26  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

27  amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

28  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

4

1  function in the case.  Therefore, in any amended complaint plaintiff elects to file, as in an original

2  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3  **CONCLUSION**

4      Accordingly, IT IS HEREBY ORDERED that:

5      1.  Plaintiff's complaint is dismissed.

6      2.  Plaintiff is granted thirty days from the date of service of this order to file an amended

7  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

8  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

9  assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

10  complaint in accordance with this order will result in a recommendation that this action be

11  dismissed without prejudice.

12      3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

13  rights action.

14  DATED:  June 6, 2016.

                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE